IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBLETO KURUCE, PLLC f/k/a ROBLETO LAW, PLLC<br><br>Plaintiff,<br><br>v.<br><br>LORRAINE DILLE WILLIAMS, ROBERT NICHOLS FLINT DILLE, and 26TH CENTURY VENTURES, LLC<br><br>Defendants. | Case No. 2:24-cv-117 |

## COMPLAINT

AND NOW comes Plaintiff Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC, by its attorneys, Metz Lewis Brodman Must O'Keefe LLC, and files the within Complaint as follows:

### Parties

1. Plaintiff Robleto Kuruce, PLLC (the "Firm") is a Pennsylvania professional limited liability company with a principal place of business located at 6101 Penn Avenue, Suite 201, Pittsburgh, PA 15206.

2. Defendant Lorraine Dille Williams ("Williams") is an adult individual with an address of 186 Shelter Lane, Jupiter, FL 33469.

3. Defendant Robert Nichols Flint Dille ("Dille") is an adult individual with an address of 10966 Strathmore #4, Los Angeles, CA 90024.

4. Defendant 26th Century Ventures, LLC ("26th Century") is a California limited liability company with a place of business located at 4435 Dundee Drive, Los Angeles, CA 90027.

## Jurisdiction and Venue

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. The members of the Firm are Aurelius Robleto and Renée M. Kuruce, each of which reside in Pittsburgh, Pennsylvania and are therefore citizens of the Commonwealth of Pennsylvania. Consequently, the Firm is a citizen of the Commonwealth of Pennsylvania. Williams resides in Jupiter, Florida and is therefore a citizen of the State of Florida. Dille resides in Los Angelas, California and is therefore a citizen of the State of California. The members of 26th Century are Williams, Dille, Susan Montford, and Don Murphy. Susan Montford and Don Murphy each reside in Los Angelas, California and are therefore citizens of the State of California. As a result, 26th Century is a citizen of Florida and California.

7. In light of the forgoing, there is complete diversity of citizenship between the Firm and William, Dille, and 26th Ventures (collectively "Defendants"). Additionally, the amount in controversy is in excess of $75,000.00.

8. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## Factual Background

9. The Firm, Williams, Dille, and 26th Century are parties to that certain Engagement Agreement for Legal Services dated March 10, 2019 (the "Engagement Agreement"). A true and correct copy of the Engagement Agreement is attached hereto marked as **Exhibit A** and is incorporated herein by reference.

10. In accordance with the terms of the Engagement Agreement, the Firm provided certain legal services as more specifically described in Addendum A to the Engagement

Agreement. These services included, among other things, protection of the clients' beneficiary interests in the Dille Family Trust.

11. An initial retainer of $5,000.00 was paid by Defendants.

12. Defendants agreed to pay the Firm for services rendered at the billing rates set forth in Addendum B to the Engagement Agreement. The billing rate for attorneys ranged from $270-$320 per hour and the billing rate for paralegals was $110 per hour.

13. If Defendants fail to make any payment when due under the terms of the Engagement Agreement, interest shall accrue on the delinquent balance at a rate of one percent per month until paid. In addition, Defendants are responsible for all costs the Firm may incur in its efforts to collect payments due under the Engagement Agreement, including attorneys' fees.

14. By executing the Engagement Agreement, Defendants acknowledged and agreed that they are jointly and severally liable for all payment obligations thereunder.

15. The Firm provided legal services pursuant to the Engagement Agreement.

16. Defendants have failed to pay in full for all services rendered. True and correct copies of the invoices (the "Invoices") evidencing the services provided by the Firm for which Defendants have not paid in full, and the amounts charged for those services, are attached hereto collectively marked as **Exhibit B** and are incorporated herein by reference.

17. Defendants had the opportunity to review the Invoices and have not objected to the amounts shown due and owing. Additionally, Defendants have not lodged any complaints with the Firm respecting the quality or quantity of any legal services rendered.

18. As of December 30, 2023, and accounting for any partial payments made by Defendants from inception of their indebtedness to date, the balance due from Defendants to the Firm totals $352,027.02, together with additional late fees, interest, attorneys' fees, and costs. A

true and correct copy of an accounts receivable aging overview summarizing all amounts due to the Firm is attached hereto marked as **Exhibit C** and is incorporated herein by reference.

19. By prior letter correspondence, the Firm notified Defendants of the outstanding default under the terms of the Engagement Agreement and demanded payment in full of all amounts due and owing. A true and correct copy of this demand letter is attached hereto marked as **Exhibit D** and is incorporated herein by reference.

20. Notwithstanding the Firm's demand, Defendants have failed or otherwise refused to pay the amounts past due. The Firm therefore files this Complaint.

## Count I
## Breach of Contract

21. The Firm incorporates by reference the allegations of Paragraphs 1-20 of this Complaint as if more fully set forth herein.

22. The Firm and Defendants entered into a legally enforceable contract, evidenced by the Engagement Agreement, that, among other things, requires Defendants to timely remit payment for all services rendered.

23. The Engagement Agreement is supported by adequate consideration and defined by unambiguous terms that were mutually agreed upon by the parties.

24. The Firm has performed all its obligations under the Engagement Agreement by providing the agreed-upon legal services at the agreed-upon hourly rates.

25. As more fully set forth above, Defendants have breached the Engagement Agreement by failing to timely remit payment to the Firm of all amounts due and owing as set forth on the Invoices and summarized on the accounts receivable aging overview appended hereto.

26. Defendants' breach of the Engagement Agreement has directly and proximately caused damage to the Firm in a total amount to be determined at trial.

WHEREFORE, Plaintiff Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC respectfully requests that this Court grant judgment in its favor and against Defendants Lorraine Dille Williams, Robert Nichols Flint Dille, and 26th Century Ventures, LLC, jointly and severally, in an amount in excess of $75,000.00 to be determined at trial, together with pre- and post-judgment interest, attorneys' fees, all costs of suit, and such other relief as is necessary and appropriate.

## Count II
## Unjust Enrichment – Alternative to Count I

27. The Firm incorporates by reference the allegations of Paragraphs 1-26 of this Complaint as if more fully set forth herein.

28. The Firm provided legal services to Defendants as set forth on the Invoices.

29. Defendants accepted the services provided by the Firm and have enjoyed the benefit of the services rendered by the Firm.

30. The Firm has made repeated demands for payment for the services enjoyed by Defendants, but despite such demands, Defendants have refused to remit payment.

31. It is unconscionable for Defendants to enjoy the benefit of the legal services provided by the Firm without fully paying for the same.

32. Accordingly, and as an alternative to Count I of this Complaint, Defendants have been unjustly enriched to the detriment of the Firm.

33. As a direct and proximate result of Defendants' unjust enrichment, the Firm has suffered damages in a total amount to be determined at trial.

WHEREFORE, Plaintiff Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC respectfully requests that this Court grant judgment in its favor and against Defendants Lorraine Dille Williams, Robert Nichols Flint Dille, and 26th Century Ventures, LLC, jointly and severally, in an amount in

excess of $75,000.00 to be determined at trial, together with pre- and post-judgment interest, all costs of suit, and such other relief as is necessary and appropriate.

### Count III
### Account Stated

34. The Firm incorporates by reference the allegations of Paragraphs 1-33 of this Complaint as if more fully set forth herein.

35. Although the Firm has demanded payment of the outstanding balance owed by Defendants as set forth more fully above, Defendants have wrongfully failed to pay all or any part of the amount due and owing to the Firm.

36. The Firm provided the agreed-upon legal services to Defendants.

37. Said services were billed at the agreed-upon hourly rates.

38. Defendants had the opportunity to scrutinize the account.

39. Defendants have agreed to and acquiesced in the correctness of the account.

40. For the reasons set forth herein, the Firm's claim on accounts now stands liquidated and undisputed, and the Firm is entitled to recover an amount from Defendants that is not less than the parties' agreement as an account stated.

WHEREFORE, Plaintiff Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC respectfully requests that this Court grant judgment in its favor and against Defendants Lorraine Dille Williams, Robert Nichols Flint Dille, and 26th Century Ventures, LLC, jointly and severally, in an amount in excess of $75,000.00 to be determined at trial, together with pre- and post-judgment interest, all costs of suit, and such other relief as is necessary and appropriate.

Respectfully Submitted,

Date: January 29, 2024

METZ LEWIS BRODMAN MUST O'KEEFE LLC

By: __/s/ Justin M. Tuskan_____
Justin M. Tuskan (PA I.D. 311235)
444 Liberty Avenue, Suite 2100
Pittsburgh, PA 15222
Phone: (412) 918-1100
Fax: (412) 918-1199
jtuskan@metzlewis.com
*Attorneys for Plaintiff Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC*