...

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ROBLETO KURUCE, PLLC f/k/a ROBLETO LAW, PLLC,
Plaintiff,
v.
LORRAINE DILLE WILLIAMS et al.,
Defendants.
Case No. 2:24-cv-00117-RJC
HONORABLE ROBERT J. COLVILLE

**FILED**

FEB 24 2025

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

I, Robert Nichols Flint Dille (hereinafter "Defendant"), submit this response Pro Se in relation to Plaintiff's purported proof of service and to contest my wrongful involvement in this case. I was informed on February 15, 2025, by my sister, co-Defendant Lorraine Dille Williams, that Plaintiff Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC ("Plaintiff") had filed a "proof of service" document. I contend that I was not properly served for the reasons stated below.

### Improper Service

The Plaintiff claims service was effectuated as follows:

> The Process Server states: "I left the summons at the individual's residence or usual place of abode with (name) Teresa Dill, a person of suitable age and discretion who resides there, on (date) Mon, Feb 10, 2025." *Service was allegedly completed at 10966 Strathmore Drive, Unit 4, Los Angeles, CA 90024, and received by Teresa Dill, described as a Spouse and Household Member (Age: 60-65; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'6"; Hair: Blond).*

### Errors and Misrepresentations in Service:

1. **Incorrect Identity and Name:** My wife's name is **Teresa Dille**, not "Teresa Dill." This misidentification raises doubts about the credibility of the process server's account.
2. **No Direct Interaction with the Process Server:**
   - The process server never saw, met, received a signature from, or in any way interacted with my wife other than being buzzed through the gate as an Amazon delivery might be (see attached declaration of Teresa Dille).
   - We discontinued having a landline over a year ago. The front gate rings through my wife's mobile phone.
   - The process server could not have seen her, as she never went to the door nor could she have been visible through our stained-glass window.
   - Therefore, the description of Teresa Dille (appearance, age, etc.) was likely taken from public records or social media rather than actual observation, as the server never saw her.
3. **Failure to Notify Defendant Directly:**
   - The Plaintiff did not attempt to contact me via phone, email, or text despite having access to these means of communication.
   - Service must be made directly to me or through **registered U.S. mail.** Simply leaving an envelope on the front door or communal mail ledge does not constitute adequate service under the Federal Rules of Civil Procedure.

4. **Request for Judicial Notice:**

### A. Background of the Case

25th Century Productions, Lorraine Dille Williams, and I, Robert Nichols Flint Dille, (collectively, the "Defendants") retained counsel for a suit filed against us in Lawrence County, PA, regarding the rights to Buck Rogers in the 25th Century.)

### B. . Retainer Agreement and Counter-Offer

The Defendants retained the Robleto Kurece Law Firm (the "Firm") to represent Defendants' interests. As part of that retainer agreement, I made a counter-offer to that retainer agreement limiting my liability for legal services to $2,500. There was no response from the Firm, and the retainer agreement the firm prepared contained a signature block for Don Murphy of 26th Century as 'Payor'. (P. 6 of Complaint).

### C. Acceptance of Terms.

The Firm moved forward without objection, indicating acceptance of the counter office I made. As such my liability is limited to $2,500, as noted adjacent to my signature on the retainer agreement and, moreover the retainer agreement named Don Murphy as the payor.

### D. Billing and Communication

As the case lasted five years, I was never billed, and no attempt was made to change the terms of the retainer agreement as signed by me. It is unreasonable for a business to operate without communication regarding billing and then suddenly demand payment, especially when, by the terms of the retainer agreement, my liability was limited.

### E. Knowledge and Agreement

The Firm was aware that my liability was limited to $2,500. .The counteroffer was never rejected, the firm never asked for another retainer, or informed me they expected payment beyond the agreed-upon $2,500.

### F. Motion to Dismiss

In Summary, The Plaintiffs have no case even if all their allegations are accepted as true. The key point is that the agreement was signed with a limited liability of

$2,500. Those fees have been paid, and they are not entitled to any more money. Beyond that, it is clear that Plaintiff was aware that 26th Century Productions (President Don Murphy) was the Payor, as they wrote that on the contract. Therefore, this case should be dismissed with prejudice.

**Conclusion**
For the foregoing reasons, I request that the Court find the service of process improper and insufficient and, further, that my involvement in this case is unjustified.

Respectfully submitted,
**Robert Nichols Flint Dille**
Defendant, Pro Se
Dated: February 15, 2025