## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBLETO KURUCE, PLLC f/k/a ROBLETO LAW, PLLC | Case No. 2:24-cv-00117-RJC |
| Plaintiff, | HONORABLE ROBERT J. COLVILLE |
| v. | |
| LORRAINE DILLE WILLIAMS et al. | |
| Defendants. | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

AND NOW comes Plaintiff Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC (the "Firm"), by its attorneys, Metz Lewis Brodman Must O'Keefe LLC, and files the within Motion for Entry of Default Judgment, and in support states the following:

### I.    Factual and Procedural Background

1.    On January 29, 2024, the Firm instituted this action against Defendants Lorraine Dille Williams ("Williams"), Robert Nichols Flint Dille ("Dille"), and 26th Century Ventures, LLC ("26th Century") by filing a Complaint.

2.    The Firm, Williams, Dille, and 26th Century (collectively, "Defendants") are parties to that certain Engagement Agreement for Legal Services dated March 10, 2019. See Complaint at ¶ 9, Exhibit A.

3.    In accordance with the terms of the Engagement Agreement, the Firm provided certain legal services as more specifically described in Addendum A to the Engagement Agreement. These services included, among other things, protection of the individual clients' beneficiary interests in the Dille Family Trust. Id. at ¶ 10.

4.      An initial retainer of $5,000.00 was paid by Defendants. Id. at ¶ 11.

5.      Defendants agreed to pay the Firm for services rendered at the billing rates set forth in Addendum B to the Engagement Agreement. The billing rate for attorneys ranged from $270-$320 per hour and the billing rate for paralegals was $110 per hour. Id. at ¶ 12.

6.      If Defendants fail to make any payment when due under the terms of the Engagement Agreement, interest accrues on the delinquent balance at a rate of one percent per month until paid. In addition, Defendants are responsible for all costs of collection incurred by the Firm, including attorneys' fees. Id. at ¶ 13.

7.      By executing the Engagement Agreement, Defendants acknowledged and agreed that they are jointly and severally liable for all payment obligations thereunder. Id. at ¶ 14.

8.      Defendants have failed to pay in full for all services rendered. Id. at ¶ 15.

9.      The Complaint sets forth three causes of action: (a) breach of contract, (b) unjust enrichment, and (c) account stated. See id. at ¶¶ 21-40.

10.     On June 17, 2024, 26th Century executed and delivered a Waiver of the Service of Summons. See Waiver of Service Returned Executed, Doc. No. 11.

11.     26th Century's response to the Complaint was due on or before August 16, 2024.

12.     As of the date of this filing, 26th Century has not responded to the Complaint.

13.     On February 19, 2025, upon 26th Century's failure to plead to the Complaint, the Clerk of Court entered a default against 26th Century. See Doc. No. 29.

14.     The Firm respectfully requests that this Court enter a default judgment in its favor and against 26th Century in the amount of $432,336.34, which represents the outstanding balance owed to the Firm, together with pre- and post-judgment interest, legal fees, and all costs of suit.

## II.   **Argument**

15.     All jurisdictional requirements are satisfied. 26th Century's default with respect to its obligations under the Engagement Agreement is clear on its face. In addition to the principal sum due, an award of pre- and post-judgment interest and attorney's fees is warranted. The Firm therefore requests the entry of judgment by default in its favor.

> ### *A.     This Court has jurisdiction over the instant case.*

16.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). The parties are citizens of different states: The members of the Firm are Aurelius Robleto and Renée M. Kuruce, each of whom reside in Pittsburgh, Pennsylvania and are therefore citizens of the Commonwealth of Pennsylvania. Consequently, the Firm is a citizen of the Commonwealth of Pennsylvania. Williams resides in Jupiter, Florida and is therefore a citizen of the State of Florida. Further, the amount in controversy is in excess of the $75,000.00 jurisdictional threshold.

17.     The Court has personal jurisdiction over 26th Century pursuant to Fed. R. Civ. P. 4(k)(1)(a) and Pennsylvania's long arm statute, 42 Pa. Cons. Stat. § 5322(a)(1)-(3), as this action arises out of 26th Century's transacting business in, contracting with, and causing harm to the Firm in this Commonwealth.  Moreover, 26th Century has waived any defense based on lack of personal jurisdiction by failing to raise it in a responsive pleading.  Fed. R. Civ. P. 12(h)(1).

> ### *B.     The Firm is entitled to judgment in the amount of $432,336.34.*

18.     The Clerk of Court has entered a default against 26th Century.

19.     Under Fed. R. Civ. P. 55(b)(2), once a default is entered, "the party must apply to the court for a default judgment."

20.     "Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof." E. Elec. Corp. of New Jersey v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009).

21.     "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). In this case, all three factors weigh in favor of entering a default judgment.

22.     In this context, "prejudice" is not limited to immediate or irreparable harm but can arise from "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Emerson Radio Corp. v. Emerson Quiet Kool Co., No. 22-1809, 2023 U.S. App. LEXIS 17434, at *8 (3d Cir. July 11, 2023). The record of this case shows that 26th Century has impeded the Firm's ability to litigate this case. More than a year has elapsed since 26th Century waived service, and it still has not entered a response to the Complaint. Doc. No. 11.

23.     26th Century has no litigable defense, as evidenced by its apparent decision not to defend. Doc. No. 29. 26th Century's agreement with the Firm unambiguously provides that "the Firm will have recourse to any or all of the Clients for payment, without regard to the Clients' respective financial contributions to the cost of this engagement." Doc. No. 1-3 (Engagement Agreement), p.2, ¶ 2(f).

24.     26th Century's non-filing of a responsive pleading has unnecessarily delayed the Firm's ability to expeditiously litigate its claims against the Defendants. Indeed, this case has been pending for approximately 17 months, and the pleadings have yet to close. Doc. Nos. 1, 24.

25.     Consequently, all three <u>Chamberlain</u> factors support entering a default judgment against 26th Century.

26.     In considering the amount of damages at issue, "the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant. The Court is under no requirement to conduct an evidentiary hearing with testimony, but, rather, such a hearing may be one in which the court asks the parties to submit affidavits and other materials from which the court can decide the issue. If no evidentiary hearing is held, the moving party must present sufficiently detailed affidavits to permit the court to apply the appropriate factors in awarding . . . damages." <u>Id</u>. (internal citations and quotations omitted).

27.     Based on the Declaration of Aurelius P. Robleto attached to this Motion as **Exhibit A** (the "<u>Declaration</u>"), which includes, among other things, copies of the Defendants' unpaid invoices, the Firm respectfully requests that the Court determine the amount of the default judgment without conducting an evidentiary hearing.

28.     Notwithstanding, the Firm remains ready, willing, and able to participate in such a hearing should this Court deem it appropriate.

29.     As more fully set in the Declaration, and the invoices attached thereto, 26th Century owes to the Firm the total amount of $416,115.66.

30.     The aforesaid sum represents the total of all of Defendant's unpaid invoices.

**B.      *The Firm is entitled to pre- and post-judgment interest, together with attorneys'
         fees and all costs of suit.***

31.    Under Pennsylvania law[1], pre-judgment interest is a matter of right in a breach of contract case. Spang & Co. v. USX Corp., 599 A.2d 978, 983 (Pa. Super. Ct. 1991).

32.    Pre-judgment interest is due "whenever a liquidated sum of money is unjustly withheld." TruServ Corp. v. Morgan's Tool & Supply Co., 39 A.3d 253, 264 (Pa. 2012) (citations omitted). "[A]s prerequisites to running of pre-judgment interest, the debt must have been liquidated with some degree of certainty and the duty to pay it must have become fixed." Id.

33.    The Engagement Agreement provides that interest accrues on delinquent payments at the rate of 1.0-percent per month until paid.

34.    Consequently, the Firm may collect the interest amounts set forth on the invoices appended to the Declaration.

35.    The Firm is also entitled to post-judgment interest "at a rate equal to the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1691.

36.    In addition, pursuant to the terms of the Engagement Agreement, 26th Century is responsible for payment of reasonable attorneys' fees and costs incurred by the Firm in connection with the Firm's efforts to collect the outstanding legal fees at issue. Putt v. Yates-Am. Mach. Co., 722 A.2d 217, 226 (Pa. Super. Ct. 1998) ("Although parties to a lawsuit are generally responsible for their own attorney's fees, where one party expressly contracts to pay the other's fees, such an obligation will be enforced").

37.    Finally, all costs of suit are taxable against 26th Century. Fed. R. Civ. P. 54(d)(1).

---

[1] Pennsylvania law governs because the Firm performed its obligations under the Engagement Agreement in Pennsylvania, and payment was remitted to the Firm at its Pennsylvania offices. See Shannon v. Keystone Info. Sys., Inc., 827 F. Supp. 341, 343 (E.D. Pa. 1993).

**III.**  **Conclusion**

WHEREFORE, for the foregoing reasons, Plaintiff Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC respectfully requests that this Court enter a default judgment in its favor and against Defendant 26th Century Ventures, LLC in the amount of $432,336.44, plus continuing interest thereon at the statutory rate from and after the date of judgment, attorneys' fees, and costs of suit.

Respectfully Submitted,

Date: July 25, 2025

METZ LEWIS BRODMAN MUST
O'KEEFE LLC

By: */s/ Justin M. Tuskan*
    Justin M. Tuskan (PA ID 311235)
    444 Liberty Avenue, Suite 2100
    Pittsburgh, PA 15222
    Phone: (412) 918-1100
    Fax: (412) 918-1199
    jtuskan@metzlewis.com
    *Attorneys for Plaintiff Robleto Kuruce,*
    *PLLC f/k/a Robleto Law, PLLC*