**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBLETO KURUCE, PLLC f/k/a Robleto Law, PLLC, | ) ) | No.: 2:24-cv-00117 |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | Judge Robert J. Colville |
| v. | ) | |
| | ) | |
| LORRAINE DILLE WILLIAMS, ROBERT NICHOLS FLINT DILLE, and 26TH CENTURY VENTURES, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Robert J. Colville, United States District Judge

Before the Court are the following motions filed by Plaintiff, Robleto Kuruce, PLLC f/k/a Robleto Law, PLLC: Motion to Extend Time to Complete Service upon Robert Nichols Flint Dille (ECF No. 33) and a Motion for Default Judgment against 26th Century Ventures, LLC[1] (ECF No. 34). Also before the Court is a Motion to Dismiss for Failure to Serve and for Failure to State a Claim (ECF No. 31) filed by Defendant, Dille. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). The Motions have been fully briefed and are ripe for disposition.

**I.      Factual Background & Procedural History**

**A.  Procedural History**

On January 29, 2024, Plaintiff initiated this action with the filing of the Complaint. Compl., ECF No. 1. In the Complaint, Plaintiff alleges that Defendants agreed to pay Plaintiff for

---

[1] The Court notes that the Motion for Default Judgment is incorrectly titled on the docket to be a Motion for Default Judgment against Lorraine Dille Williams. However, in the Motion itself, Plaintiff only asks for default judgment against 26th Century Ventures, LLC.

legal services rendered at set billing rates.  Compl. ¶ 12.  Defendants allegedly failed to make payments under the agreement despite Plaintiff rendering these legal services.  *Id.* ¶ 15-16.  As such, Plaintiff brings claims for breach of contract, unjust enrichment, and account stated.

Following the filing of the Complaint, Plaintiff filed an affidavit of service for Defendant, Lorraine Dille Williams, and a waiver of service for Defendant, 26th Century Ventures, LLC.  ECF Nos. 10, 11.  On June 27, 2024, the Clerk's Office entered default as to Ms. Williams.  ECF No. 14.  Following the Clerk's entry of default, also on June 27, 2024, Ms. Williams filed her Answer (ECF No. 15).  Additionally, on July 1, 2024, Ms. Williams filed her Objections to the Complaint (ECF No. 16).  Ms. Williams is proceeding pro se in this matter.

On July 24, 2024, Plaintiff filed a Motion to Strike Ms. Williams' Answer and Objections to the Complaint.  Ms. Williams filed her response to the Motion to Strike on August 6, 2024. ECF No. 18.  On August 8, 2024, Plaintiff filed a Motion for Default Judgment against Ms. Williams.  ECF No. 20.  On September 12, 2024, Ms. Williams filed her response to the Motion for Default Judgment.  ECF No. 23.

On January 29, 2025, this Court issued a Memorandum Order denying Plaintiff's Motion to Strike and denying Plaintiff's Motion for Default Judgment as to Ms. Williams.  ECF No. 24. Additionally, this Court ordered Plaintiff to show cause, by February 14, 2025, as to why this matter should not be dismissed against Mr. Dille due to Plaintiff's failure to effectuate service and/or failure to prosecute and as to why this matter should not proceed only against Ms. Williams and 26th Century.  *Id.*  On February 14, 2025, Plaintiff filed an affidavit of service for Mr. Dille. ECF No. 26.  Additionally, on February 14, 2025, Plaintiff filed its Response to the Court's Order to Show Cause (ECF No. 27), arguing that the Court should extend time for service as to Mr. Dille,

as well as a Request for Default as to 26th Century (ECF No. 28).  On February 19, 2025, the Clerk's Office entered default as to 26th Century.  ECF No. 29.

On February 19, 2025, this Court entered an Order acknowledging that it reviewed Plaintiff's Response to the Order to Show Cause and that the Court would take no further action at that time.  ECF No. 30.  However, the Court stated that "[t]o the extent Plaintiff believes it is entitled to an extension of time to serve, Plaintiff shall file the appropriate motion with the Court, detailing the appropriate factual basis and citations to authority."  *Id.*  On February 24, 2025, Mr. Dille filed a Motion to Dismiss for Failure to Serve and for Failure to State a Claim.  ECF No. 31. Mr. Dille is proceeding pro se in this matter.  On March 17, 2025, Plaintiff filed its Response in Opposition.  ECF No. 32.  On March 18, 2025, Plaintiff filed its Motion to Extend Time to Complete Service upon Mr. Dille *nunc pro tunc*.  ECF No. 33.  On July 25, 2025, Plaintiff filed its Motion for Default Judgment against 26th Century (ECF No. 34) as well as a corrective entry as to certain exhibits (ECF No. 35).

### B.  Factual Background

Based on the allegations in Plaintiff's Complaint, the Court finds the following: Plaintiff and Defendants entered into an "Engagement Agreement" for legal services on March 10, 2019. Compl. ¶ 1.  The Engagement Agreement was for services including "protection of the clients' beneficiary interests in the Dille Family Trust."  *Id.* ¶ 10.  An initial retainer was paid in the amount of $5,000.000 and Defendants "agreed to pay [Plaintiff] for services rendered at the billing rates set forth in Addendum B to the Engagement Agreement.  The billing rate for attorneys ranged from $270-$320 per hour and the billing rate for paralegals was $110 per hour."  *Id.* ¶ 12.  Under the Agreement, if Defendants failed to make any payment, interest would "accrue on the delinquent balance at a rate of one percent per month until paid.  In addition, Defendants are responsible for

3

all costs [Plaintiff] may incur in its efforts to collect payments due under the Engagement Agreement, including attorneys' fees." *Id.* ¶ 13.  Under the Agreement, Defendants are jointly and severally liable.  *Id.* ¶ 14.

Plaintiff provided legal services under the Agreement and Defendants allegedly failed to pay for services rendered.  *Id.* ¶ 15.  Plaintiff alleges that Defendants did not object to the invoices, or the amounts owed.  *Id.* ¶ 17.  Plaintiff alleges that the total balance owed to Plaintiff is $352,027.02 plus additional late fees, interest, attorneys' fees, and costs.  *Id.* ¶ 18.

## II.    Legal Standard

### A.  Motion for Default Judgment

Upon application of the party seeking default judgment, a district court may enter default judgment after the clerk of court has entered the opposing party's default.  Fed. R. Civ. P. 55(b)(2). "Upon entry of default against a defendant, the 'well-pleaded' facts alleged in the complaint (except those relating to damages) must be taken as true." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 439 (E.D. Pa. 2006) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990)). In considering a motion for default judgment, a district court first must be satisfied that it "has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought." *Mercedes-Benz Fin. Servs. USA LLC v. Synergistiks, Inc.*, No. 3:18-cv-184, 2019 WL 481753, at *2 (W.D. Pa. Feb. 7, 2019) (quoting *Harris v. Dollar General Corp.*, Civil Action No. 16-416, 2016 WL 2733227, at *1 (W.D. Pa. May 11, 2016)).  The court must then determine whether the well-pled facts in the complaint state a cause of action against the defendant.  *Mercedes-Benz*, 2019 WL 481753, at *2.   In determining whether default judgment should be granted, the court must also consider the factors set forth in the case of *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000).

4

### B.  Motion for Extension of Time to Complete Service

Fed. R. Civ. P. 4(m) provides that a court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice if a defendant is not served within ninety days following the filing of the complaint.  The court must extend the time for service, however, if a plaintiff shows good cause for failure to serve.  Fed. R. Civ. P. 4(m).  Absent a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time for service.  *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

The United States Court of Appeals for the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'"  *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)).  The factors a court should consider in deciding whether to grant a mandatory extension are: "(1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the [90] day period); and (3) whether the defendant is prejudiced by the lack of timely service."  *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 526 (M.D. Pa. 2010) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995)).  In determining whether good cause has been shown, a court looks primarily to the plaintiff's reasons for not serving the defendant within the requisite timeframe.  *Gonzalez*, 268 F.R.D. at 526.  Further, an absence of prejudice alone is insufficient to support a finding of good cause.  *Id*.

In the absence of a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time permitted for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Factors that a district court may consider in deciding whether to grant a discretionary extension include: "1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or conceals a defect in attempted service; (3) if the plaintiff is appearing pro se[;] (4) actual notice of the legal action; (5) prejudice to the defendant; and (6) other factors that may be relevant." *Gonzalez*, 268 F.R.D. at 528 (M.D. Pa. 2010) (citing *Petrucelli*, 46 F.3d at 1305–06 (3d Cir. 1995)); *see also Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

### C. Motion to Dismiss for Failure to Serve

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may seek dismissal of a complaint for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). In such a motion, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group, Ltd. V. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) (citing 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1083 (1987)). "The party must prove that service was effective by a preponderance of the evidence." *State Farm Mut., Auto. Ins. Co. v. Tz'doko V'CHESED of Lausenberg*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (citing *Mowafy v. Noramco of Del., Inc.*, No. 05-733, 2007 WL 2828013, at *2 (D. De. Sept. 27, 2007)). "To meet this burden, '[f]actual contentions regarding the manner in which service was executed may be made through affidavits, depositions, and oral testimony.'" *Id.* (quoting *Villanova v. Solow*, No. 97-6684, 1998 WL 643686, at *1 (E.D. Pa. Sept. 18, 1998)).

### D. Motion to Dismiss for Failure to State a Claim

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The Third Circuit explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

III.    **Discussion**

A.  **Motion for Default Judgment**

Here, Plaintiff seeks default judgment against 26th Century.  26th Century has not entered an appearance in this case and has not filed a response to the Motion for Default Judgment.

1.  **Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over this dispute based on diversity of citizenship because Plaintiff is a Pennsylvania professional limited liability company with a principal place of business in Pennsylvania, see Compl. ¶ 1, Ms. Williams is a resident of Florida, see id ¶ 2, Mr. Dille is a resident of California, see id. ¶ 3, and 26th Century is a California limited liability company with a principal place of business located in California, see id, ¶ 4.[2]

2.  **Personal Jurisdiction**

Under the Federal Rules of Civil Procedure, district courts are authorized to exercise personal jurisdiction over non-residents to the extent permissible under the law of the state in which the district court is located.  Fed. R. Civ. P. 4(e); *North Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990).  In exercising personal jurisdiction, the court must first ascertain whether jurisdiction exists under the forum state's long-arm jurisdiction statute and then determine whether the exercise of jurisdiction comports with the due process clause of the Fourteenth Amendment to the Constitution.  *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 489-90 (3d Cir.1985).  This inquiry has been collapsed in Pennsylvania, as the Pennsylvania long-arm statute provides that: "the jurisdiction of the tribunals of this Commonwealth shall extend

---

[2] The Court notes that Ms. Williams denies that the Court has subject matter jurisdiction over this matter.  *See* Objections to Complaint, ECF No 16.  However, she has offered no support for her denial of Plaintiff's allegations asserting subject matter jurisdiction and the Court does not find that it is lacking subject matter jurisdiction. Additionally, 26th Century has not responded to the Complaint or Plaintiff's Motion for Default Judgment and, as such, has not denied that the Court has subject matter jurisdiction.

to all persons ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 Pa.C.S.A. § 5322(b); *Van Buskirk*, 760 F.2d at 490.  The reach of the Pennsylvania long-arm statute is thus "coextensive" with the due process clause. *North Penn Gas*, 897 F.2d at 690.  The due process clause permits the court to assert personal jurisdictional over a nonresident defendant who has "certain minimum contacts with [the forum] such that the maintenance of [a] suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations omitted).

Plaintiff asserts that this Court has specific personal jurisdiction over 26th Century in this matter.  Specific jurisdiction is appropriate only if the plaintiff's cause of action arises out of a defendant's forum-related activities, "such that the defendant 'should reasonably expect being haled into court'" in that forum. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prod. Inc.,* 75 F.3d 147, 151 (3d Cir. 1996) (quoting *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).  The Third Circuit has explained the three-part analysis for specific jurisdiction.  "First, the defendant must have 'purposefully directed [its] activities' at the forum.  Second, the litigation must 'arise out of or relate to' at least one of those activities.  And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor v. Sandy Lane Hotel,* 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).  To find that a plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum state, the Third Circuit requires "a closer and more direct causal connection than that provided by the but-for test." *Id.*  However, the required causal connection is looser than the tort concept of proximate causation. *Id.* (citing *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 99-100 (3d. Cir.2004).  The appropriate

analysis is fact-intensive, focusing on the "reciprocity principle upon which specific jurisdiction rests" -- whether the defendant received the benefits and protections of a state's laws to the extent that it should, as a quid pro quo, submit to the burden of litigation in the state. *Id.* at 323.

In the present case, Plaintiff alleges that Defendants retained it to represent them in certain matters set forth in Addendum A to the Engagement Agreement. Compl. ¶9-10. Addendum A sets forth that the "scope of representation shall be limited to representing the Clients in protecting their beneficiary interests in the Dille Family Trust." Compl., Ex. A. Addendum A additionally details the specific lawsuits in which Plaintiff will represent Defendants referencing an action in the Orphans Court of Lawrence County as well as an appeal of a decision of the United States Bankruptcy Court for the Western District of Pennsylvania, although Addendum A notes that representation may not be necessary on the bankruptcy appeal. *Id.* Plaintiff's allegations along with the Engagement Agreement suggest that 26th Century directed its activities to the Western District of Pennsylvania. It is also reasonable to conclude that this litigation arises out of 26th Century's activities in the Western District of Pennsylvania because this action arises out of Defendants' alleged failure to pay legal fees for Plaintiff's representation as to legal activities in the Western District of Pennsylvania. Therefore, there is a sufficient basis to exercise personal jurisdiction over 26th Century.

### 3. Plaintiff's Allegations

The Court must also determine whether the well-pled facts in Plaintiff's Complaint state a cause of action against 26th Century. *Mercedes-Benz Fin. Servs. USA LLC v. Synergistiks, Inc.*, No. 3:18-CV-184, 2019 WL 481753, at *2 (W.D. Pa. Feb. 7, 2019). As stated above, Plaintiff raises causes of action for breach of contract, unjust enrichment in the alternative, and account stated.

11

To state a claim for breach of contract under Pennsylvania law, the plaintiff must plead the following elements: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages. *Lackner v. Glosser*, 892 A.2d 21, 30 (Pa. Super. 2006).

In support of the contract claim, Plaintiff alleges that Defendants entered into an Engagement Agreement; Plaintiff provided legal services to Defendants pursuant to the Engagement Agreement; Defendants failed to pay for services rendered despite receiving invoices and a letter from Plaintiff; and Plaintiff suffered damages as a result of Defendants' failure to pay. 26th Century has not appeared or defended against these allegations. Therefore, Plaintiff's has stated a cause of action for breach of contract against 26th Century.

Turning to Plaintiff's unjust enrichment and account stated claims, the Court need not reach these alternative theories of liability because Plaintiff's claim for breach of contract is adequately pled. *Maersk Line v. TJM International Limited Liability Company*, 427 F. Supp. 3d 528, 534-35 (D. N.J. 2019) (finding that the court need not address alternative claims of unjust enrichment and account stated when ruling on a motion for default judgment when the court found that the plaintiff adequately pled a breach of contract claim); *Zurich American Insurance Company v. Big Green Group, LLC*, Civil Action No. 19-11500, 2023 WL 1860569, at *4 (D. N.J. Feb. 9. 2023) (court declined to reach the plaintiff's claims for account stated and unjust enrichment when ruling on a motion for default judgment where the plaintiff sufficiently pled a breach of contract claim) (collecting cases).

### 4. The *Chamberlain* Factors

In determining whether default judgment should be granted, the Court must also consider: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a

litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). "When a defendant is in default and has not opposed the motion for default judgment, however, trial courts in this circuit give somewhat less deference to *Chamberlain*." *Broad. Music, Inc. v. George Moore Enterprises, Inc.*, 184 F. Supp. 3d 166, 170 (W.D. Pa. 2016) (quoting *Smith Transp., Inc. v. Truck & Bus Wash, Inc.*, No. 3:06–CV–160, 2007 WL 320826, at *1 (W.D.Pa. Jan. 30, 2007)).

Plaintiff will suffer prejudice if default is denied. Plaintiff has alleged that 26th Century was provided with invoices and a letter before the initiation of this action concerning outstanding charges and that 26th Century has yet to pay these outstanding invoices. Additionally, 26th Century has not appeared in this action and has not responded to Plaintiff's Motion for Default Judgment. Further, 26th Century does not appear to have any litigable defenses. Lastly, 26th Century's failure to participate in this action crates a presumption of culpability. *See Spring Valley Produce, Inc. v. Stea Bros.*, No. CIV.A. 15-193, 2015 WL 2365573, at *3 (E.D. Pa. May 18, 2015) ("A defendant's failure to participate in a case creates a presumption of culpability."). Accordingly, each of the *Chamberlain* factors supports the entry of default judgment against 26th Century in this matter.

### 5. Damages

Now the Court must evaluate Plaintiff's request for damages including breach of contract damages and interest/fees set forth in the Complaint as well as additional interest since the filing of the Complaint and attorney's fees and costs for bringing and prosecuting this action to date. Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Thus, the

Court must examine the damages requested in the motion for default judgment with respect to each Count to ensure that it does not exceed that requested in the Complaint.

Here, the Complaint provides that the breach of contract claim (and all other claims) are brought against all Defendants. Further, it provides that Defendants are jointly and severally liable for all payment obligations and as to each count. Compl. ¶ 14; Compl. p. 5-6. Plaintiff has not addressed in its Motion for Default Judgment whether damages as to 26th Century should be awarded jointly and severally. The Complaint, however, makes clear that Plaintiff is seeking such an award. Further, Plaintiff has not addressed clear case law finding that, while a court can award default judgment as to fewer than all defendants when liability is joint and several, the court cannot award damages until the plaintiff's claims against all defendants have been resolved. As explained by this Court:

> Nevertheless, courts have held that "where liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper, [but] a damages hearing may not be held until the liability of each defendant has been resolved." *Kidd v. Andrews*, 340 F. Supp. 2d 333, 338 (W.D.N.Y. Oct. 12, 2004) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1324 (7th Cir. 1983)). The reason for this rule is to avoid inconsistent damage awards on a single claim involving joint and several liability. *Id.*; *see also Rich v. Maidstone Financial, Inc.*, 2002 WL 31867724, at *1 n. 2 (S.D.N.Y. Dec. 20, 2002) ("even if the liability is joint and several and thus a default judgment may be entered, it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments").

*Beale v. Wetzel*, CA. NO. 13-15, 2016 WL 6573854, at *2 (W.D. Pa. Nov. 7, 2016).

As such the Court will enter default judgment on liability as to 26th Century but will not award damages until Plaintiff's claims against the remaining Defendants have been resolved.[3]

---

[3] Without making an official finding, the Court notes that Plaintiff's evidence submitted in support of its request for damages as to post-filing interest and attorneys' fees was lacking support. The submission of a single word document that simply states the amount of damages one believes is owed is insufficient to support the award of such damages.

Therefore, because the Court has subject matter jurisdiction over this action and personal jurisdiction over 26th Century; because Plaintiff has stated a valid cause of action for breach of contract; and because the *Chamberlain* factors weigh in favor of default judgment, the Court will grant, in part, Plaintiff's Motion for Default Judgment as to 26th Century and grant default judgment solely as to liability.  However, the Court will not, at this time, award damages as to 26th Century because Plaintiff has asserted joint and several liability as to all Defendants and an award of damages, at this time, could result in inconsistent judgments.

### B.  Motion to Extend Time to Serve *Nunc Pro Tunc*

The Court now addresses Plaintiff's Motion to Extend Time to Serve Mr. Dille *Nunc Pro Tunc*.  Pursuant to Fed. R. Civ. P. 4(m), service must be made within 90 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  The Complaint in this matter was filed on January 29, 2024.  ECF No. 1.  Therefore, service must have been made by April 28, 2024.  Here, the Return of Service states that service was made on Mr. Dille on February 10, 2025.  ECF No. 26.  On March 18, 2025, Plaintiff filed its Motion to Extend Time to Complete Service *nunc pro tunc* to February 10, 2025.  ECF No. 33.

As detailed above, if a plaintiff shows good cause for a failure to serve, a court must grant an extension of time for service.  Fed. R. Civ. P. 4(m).  The factors a court should consider in deciding whether to grant a mandatory extension are: "(1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the [90] day period); and (3) whether the defendant is prejudiced by the lack of timely service."  *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 526 (M.D. Pa. 2010) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995)).

---

In the future, the Court requires, for instance, documentary evidence or affidavits detailing how such post-filing interest was calculated and justifying the amount of attorneys' fees demanded.

Here, the Court finds that Plaintiff has shown good cause for its untimely service of Mr. Dille. Plaintiff submits evidence that it mailed waiver of service forms to Mr. Dille on March 21, 2024; attempted service on Mr. Dille twice between April 8, 2024 and April 11, 2024; attempted service eight more times between October 28, 2024 to November 15, 2024; and then completed service on February 10, 2025.[4] Further, the evidence submitted by Plaintiff shows that service was attempted on various days of the week and at various times of day and that the process servers spoke with other residents of the secure apartment building in an attempt to locate Mr. Dille. Additionally, Plaintiff asserts that it reached out to Mr. Dille before re-attempting service in October of 2024 in an attempt to resolve the matter.

The Court acknowledges that Plaintiff did not file a motion to extend time to complete service until after the 90-day window had passed, however the failure to file a motion is not by itself fatal. *See Cunningham v. New Jersey*, 230 F.R.D. 391, 394 (D. N.J. 2005). Lastly, Mr. Dille has not argued that he has been prejudiced by the late service and the fact that he may be required to defend against a lawsuit is not sufficient to establish prejudice. *Id.* As such, the Court finds that good cause exists to extend the time of service to February 10, 2025, the date service was completed as to Mr. Dille. Additionally, even if good cause does not exist, the Court would still exercise its discretion to extend the time for service.

Therefore, Plaintiff's Motion for Extension of Time for Service *Nunc Pro Tunc* to February 10, 2025 is granted.

---

[4] Mr. Dille has moved to dismiss this action against him arguing that the February 10, 2025 service was improper. The Court will address those arguments below.

### C. Mr. Dille's Motion to Dismiss

#### 1. Failure to Serve

Mr. Dille moves to dismiss this action against him based on Plaintiff's alleged failure to serve. Here, the Return of Service as to Mr. Dille provides that the process server left the summons at Mr. Dille's residence with an individual named "Teresa Dill" on February 10, 2025. ECF No. 26. It describes Teresa Dill as: "Age: 60-65; Ethnicity: Caucasian; Gender: Female; Weight: 120; Height: 5'6"; Hair: Blond." *Id.* Mr. Dille argues that the Return of Service incorrectly identifies his wife's name as Teresa Dill instead of Teresa Dille; that his wife only buzzed the process server in through the front gate and did not go to the door to accept service; that the process server must have obtained his wife's description from social media; and that it is not proper service for a process server to leave an envelope at the front door. ECF No. 31. Plaintiff opposes the Motion.

With respect to service on an individual within a Judicial District of the United States, Federal Rule of Civil Procedure 4 provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> > (2) doing any of the following:
>
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

17

Fed. R. Civ. P. 4(e).

Rule 4(e)(2)(B) allows service upon an individual by "leaving a copy of [the summons and complaint] at the individual's dwelling place or usual abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B).  As such, any contention by Mr. Dille that service was required to be made to him directly, is incorrect.  Additionally, Mr. Dille has not disputed that service was made at his dwelling place or usual abode or that his wife was someone of suitable age and discretion.  Therefore, in general, service upon Mr. Dille's wife at his home is proper service.

Even so, Mr. Dille does dispute that his wife was served with the summons and complaint, arguing that while the process server was let onto the property, his wife did not answer the door. In support of this argument, Mr. Dille submits a Declaration from his wife stating that she did not accept service of the documents and they were only left at the front door.  Mr. Dille argues further, and his wife submits in her Declaration, that the process server would not have been able to see Mrs. Dille from the window and would have had to look his wife up on social media or a public record search to learn of her description.

> A process server's return that is typical on its face establishes a prima facie case of proper service. *See*, *e.g.*, *Empyrean Medical Svcs., Inc. v. Iluz*, No. 22-cv-81561, 2023 WL 4014833, *1 (S.D. Fla. May 8, 2023) (citations omitted); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1353 (4th ed. 2025). The burden of proof then shifts to the defendant to provide evidence of the alleged defects in service. *Id.*; *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 3336012, *3 (S.D. Fla. Oct. 14, 2009). The plaintiff may then submit counter-affidavits or other evidence to establish the sufficiency of service. *Id.*

*Purple Innovation, LLC v. Waykar, Inc.*, Case No.: 8:25-cv-00266, 2025 WL 2494247, at *7 (M.D. Fl. Aug. 29, 2025).

Here, Plaintiff's Return of Service is typical on its face and is sufficient to establish a prima facie case of proper service. Further, while Mr. Dille has submitted a Declaration in support of his argument that service was not proper, the Court does not find that the Declaration constitutes strong and convincing evidence that overcomes Plaintiff's prima facie case. Mr. Dille has not disputed that he and his wife reside at the address where service was made nor has he disputed that the process server was let onto the property nor the accuracy of the description of his wife detailed by the process server. The only defect alleged by Mr. Dille is that his wife did not actually accept service and instead the process server left the documents at the front door. While this is not a trivial claim, the Court is not convinced that Mr. Dille's alleged defects outweigh the prima facie case. Especially when the process server listed Mrs. Dille[5] as the recipient of the documents and provided a correct description of her appearance. Without making conclusive findings as to anyone's character or truthfulness, the conclusory statements in Mr. Dille's Motion and Mrs. Dille's Declaration are not sufficient evidence before the Court to support a finding that the process server left documents at the front door, could not see anyone inside, and then went online to find information about Mr. Dille's wife to list on the Return of Service. *See Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017-18 (E.D. Mich. 2002) (finding that the defendant was properly served under Rule 4(e)(2)(B) when the plaintiffs "provided the [c]ourt with a detailed and credible account of what transpired" and the defendant's declaration consisted of only bare allegations without more to establish that service was not proper); *see Good Night Investments, LLC v. Kozlowski*, 2025 WL 2998161, at *2 (N.D. Cal. Oct. 24, 2025) ("Because

---

[5] The Court recognizes Plaintiff's argument that his wife's name was spelled incorrectly on the Return of Service and that this typo raises doubts about the process server's credibility. However, in the Court's view the typo is of little significance. Moreover, it is, arguably, not the type of error a process server who took the time and effort to research a recipient's physical appearance on social media in an effort to misrepresent actual personal service would likely make.

[p]laintiff has filed a signed return of service, the [c]ourt concludes that [defendant's] declaration is insufficient to overcome this prima facia evidence of valid service.") (internal citations omitted). As such, the Court finds that service was proper under Rule 4.

### 2. Failure to State a Claim

Next, Mr. Dille moves to dismiss the Complaint against him arguing that his liability under the Engagement Agreement is capped at $2,500. ECF No. 31. In support of such a statement, Mr. Dille points the Court to his signature on the Engagement Agreement wherein he wrote "liability capped at $2,500.00." *See* Compl, Ex. A. The Court construes this as a Motion to Dismiss for failure to state a claim.

The argument made by Plaintiff is not appropriate at the motion to dismiss stage because it raises questions of fact. Further, it would be premature for the Court to convert Mr. Dille's Motion to Dismiss to one for Summary Judgement given the arguments raised and the current status of the case. Therefore, Mr. Dille's Motion to Dismiss is denied. He may re-raise these arguments at the appropriate stage of the proceedings.

### IV. Conclusion

For the reasons discussed above, the Court will grant, in part, Plaintiff's Motion for Default Judgment as to 26th Century and will enter judgment as to 26th Century solely as to liability. However, in light of Plaintiff alleging that Defendants are jointly and severally liable, the Court will not award damages as to 26th Century, at this time, but will wait to award damages until Plaintiff's claims against all Defendants are resolved. Further, the Court will grant Plaintiff's Motion to Extend Time to Complete Service upon Robert Nichols Flint Dille deny Defendant Dille's Motion to Dismiss for Failure to Serve and for Failure to State a Claim. An appropriate Order of Court follows.

BY THE COURT:

_/s/Robert J. Colville_
Robert J. Colville
United States District Judge

DATED: February 4, 2026

cc: All counsel of record

Lorraine Dille Williams
166 Shelter Ln.
Jupiter, FL 33469

Robert Nichols Flint Dille
10966 Strathmore Drive Apt. 4
Los Angeles, CA 80024